UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BIRMINGHAM REALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:24-cv-00492-JHE |
| ) | |
| KABAFUSION HOLDINGS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

In this action, Plaintiff Birmingham Realty Company ("Birmingham Realty" or "Plaintiff") filed its original Complaint in the Circuit Court for Jefferson County, Alabama, asserting claims of Breach of Contract, Destruction of Property, Negligence, Wantonness and Conversion, among a litany of others. (Doc. 1-1 at 7-16). On April 18, 2024, defendants KabaFusion Holdings, LLC ("KabaFusion") and Coram Healthcare Corporation of Alabama *s/i/i/o Alabama Home Therapeutics, Inc*. ("Coram") (collectively "Defendants") removed the matter to this Court citing diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). The parties have consented to an exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11). Before the undersigned is Defendants' Motion to Dismiss the Complaint filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 3). Alternatively, Defendants' move for a more definite statement pursuant to Rule 12(e), Fed. R. Civ. P. (Doc. 3). Plaintiff has filed an Opposition to the motion (Doc. 8), and Defendants have filed a Reply (Doc. 9). Upon consideration, the Motion to Dismiss (Doc. 3) will be **GRANTED IN PART** and **DENIED IN PART**.

1

## I. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To that end, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).  Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  "[A] plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts,

2

when they occurred, and who engaged in them." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

One way a plaintiff may fail to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) is by submitting a shotgun pleading. A "shotgun pleading" is one which "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). This may be because it adopts the allegations of all preceding counts into each new count (Type I); it states conclusory, vague, and immaterial facts not relevant to the claims raised (Type II); it does not separate each cause of action or claim for relief into different counts (Type III); or it does not specify which of the multiple defendants are responsible for which acts or claims (Type IV). *Id.* at 1321-23.

The court accepts all factual allegations in the complaint as true on a motion to dismiss under Rule 12(b)(6). *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

## II. Factual Background

Birmingham Realty is a corporation that owns the premises at issue in this matter, located at 300 Riverhills Business Park, Suite 390, Birmingham, Alabama 35242 (the "Premises"). Defendants are tenants that have leased space at the Premises from Birmingham Realty.[1] The

---

[1] Plaintiff indicates in its Opposition to the Motion to Dismiss that the alleged property damage was done during Defendants' departure from the Premises. (Doc. 8 at 6). However, no departure date was provided in the

Complaint is unclear regarding Defendants' relationship to one another and whether Defendants leased the same space at the Premises.

Defendants entered into a lease agreement with Birmingham Realty on September 6, 1991. The lease was modified and/or extended several times over the intervening years; the most recent modification and extension occurred on January 3, 2019. Defendants entered into an Assignment and Assumption of Lease with Birmingham Realty on August 31, 2022.[2] (The original lease along with all subsequent modifications and the August 2022 Assignment and Assumption will be hereinafter collectively referred to as "the Lease"). The Lease contains provisions for late fees, interest charges, and payment of attorney fees. The parameters of such provisions are not specified in the Complaint.

Defendants failed to make timely payments to Birmingham Realty pursuant to the Lease. Defendants were notified of said failure by mail in letters dated January 24, 2024, and February 6, 2024. These letters provided Defendants information regarding the opportunity to cure the default as required by the Lease. Defendants destroyed and damaged various installations at the Premises and removed installations from the Premises that were due to become property of Birmingham Realty at the end of Defendants' occupancy.

### III. Analysis

Upon review, the Complaint is a shotgun pleading and, therefore, fails to satisfy the pleading requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Complaint contains elements of each type of

---

Complaint.
[2] The Complaint does not indicate which version of the various amended lease agreements control, nor does it clarify to whom the lease agreement was assigned on August 31, 2022.

shotgun pleading detailed in *Weiland*. *See*, 792 F.3d at 1321-23.

First, the Complaint adopts the allegations of all preceding counts into each new count. On page 7 of the Compliant, Plaintiff specifically indicates that it "incorporates the following immediately preceding each theory of recovery listed below: 'Plaintiff realleges, reavers and incorporates therein by reference the allegations and demands for relief of Paragraphs 1 thorough the Paragraph next preceding this theory of recovery as fully set forth.'" (Doc 8-1 at 7). As such, it is impossible to discern which of the allegations set out in paragraphs 16 through 25 apply to the various "Theories of Recovery" set out in paragraphs 27 through 39.

Second, even if the allegations were appropriately assigned to specific theories of recovery, the factual allegations set out are conclusory and vague – precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" specified as inadequate under *Iqbal*. *See* 556 U.S. at 678 (citations omitted). While the Court acknowledges that complaints need not provide overly detailed factual allegations, enough facts must be present to allow the responding party to discern what they are being accused of and file an appropriate Answer.

Third, the Complaint fails to separate each cause of action into different counts. Rather than setting out allegations in a count-by-count manner, the Complaint sets out a list of offending conduct, followed by a separate list of "Theories of Recovery." (Doc. 1-1, ¶¶ 16-24 and 27-39, respectively). Even if the Court presumed that each paragraph in the Complaint's "Theories of Recovery" section represents a separate count or cause of action, the issue remains that the Complaint contains virtually no factual support for said Theories of Recovery.

Fourth and finally, the Complaint does not specify which Defendant is responsible for each alleged wrongful act or claim. In fact, the Complaint specifies that "[e]very theory of recovery from Defendants/Tenants is a theory of recovering as against Defendants/Guarantors based on the

5

guaranty(ies). Consequently, Plaintiff/Landlord will refer to Defendants/Tenants and Defendants/Guarantors below with the collective designation of "Defendant" which shall be considered to be plural except where the context specifically indicates otherwise." (Doc. 1-1 ¶ 26). It is possible that Plaintiff is asserting joint and severable liability for all claims, but if that is the case, the Complaint should so state.

In its Opposition to the Motion to Dismiss, Plaintiff reiterates the contents of the Complaint – which the Court has already deemed insufficient for the aforementioned reasons – and contends that Defendants are "well aware" that they are being sued for "failure to pay rent, late charges, interest, and legal fees and expenses" and for "damage to the Premises." (Doc. 8 at 5). Once again, however, these statements are mere "the-defendant-unlawfully-harmed-me accusation[s]." It is not the onus of the defending party to guess what conduct is alleged by the complainant to be wrongful and respond to all possible offenses over the life of the parties' relationship.

Plaintiff further attempts to support its Opposition to the Motion by providing the Court with a Notice of Default and Acceleration letter sent to Defendants by Plaintiff's counsel dated February 6, 2024 ("the Acceleration Letter"). (Doc 8-2). Plaintiff argues that the Acceleration Letter provides factual support for the allegations in the Complaint. However, the Acceleration Letter was not included in the Complaint or incorporated therein by reference. It also contains only an estimate of Defendants' debt and provides no further facts regarding the alleged default. (Doc 8-2 at 3). There is no discussion whatsoever of the charges of destruction of property or removal of property in the Acceleration Letter.

Plaintiff also points to a chart of Base Rent Charges & Tenant Payments (the "Chart") that was, once again, not included or incorporated by reference into the Complaint. (Doc 8-3). Plaintiff argues that Defendants can use the Chart and the Acceleration Letter to "prepare a competing

calculation of late charges." (Doc. 8 at ¶ 26). This Court is unconvinced given that the Acceleration Letter includes only an estimate of the alleged debt, does not detail the amount of each late fee, does not state the interest rate, and fails to clarify how and to which owed rent payment those charges would apply.

### IV. Conclusion

For the reasons set forth herein, this Court finds that the Complaint constitutes an improper shotgun pleading unacceptable under Rule 8 of the Federal Rules of Civil Procedure. However, because the Complaint does contain elements that *could* constitute a claim for which relief can be granted, if properly pleaded, it is not appropriate at this time to dismiss the matter with prejudice, as requested by Defendants.

It is hereby **ORDERED** that Defendants' Motion to Dismiss the Complaint is **DENIED.** It is further **ORDERED** that Defendants' Motion for a More Definite Statement is **GRANTED.**

Plaintiff is directed to file an Amended Complaint within **21 days** of the date of this Order. DONE this 15th day of January, 2025.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE